UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 5:20-cv-00076-FDW-DSC

| | |
|---|---|
| MICHAEL P. KATOS,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>KILOLO KIJAKAZI,  )<br>Acting Commissioner of Social Security,[1]  )<br>)<br>)<br>Defendant.  )<br>) | ORDER |

THIS MATTER is before the Court on Michael P. Katos's Motion for Summary Judgment (Doc. No. 13), filed December 31, 2020, and Defendant Acting Commissioner of Social Security Kilolo Kijakazi ("Commissioner") Motion for Summary Judgment (Doc. No. 16), filed February 17, 2021. Katos, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Katos's Motion for Summary Judgment is GRANTED; the Commissioner's Motion for Summary Judgment is DENIED; and the Administrative Law Judge's ("ALJ") decision is REVERSED and REMANDED to the Social Security Administration.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

Katos filed an application for Title II benefits on August 8, 2016, (Doc. No. 10-1, p. 158) and Title XVI benefits on September 26, 2016. (Doc. No. 10-1, p. 159). Katos alleges disability beginning September 30, 2013. (Doc. No. 10-1, p. 20). After the Social Security Administration ("SSA") denied his application initially and upon reconsideration, (Id.) Katos requested a hearing. (Doc. No. 10-1, p. 211). After a hearing on February 7, 2019, (Doc. No. 10-1, p. 20) the ALJ issued an unfavorable decision on June 3, 2019. (Doc. No. 10-1, p. 17). The Appeals Council affirmed the decision of the ALJ. (Doc. No. 10-1, p. 6).

Important to this matter, the Court notes that while he was pursuing Social Security benefits, Katos also filed an application for Medicaid benefits in North Carolina on April 3, 2018. (Doc. No. 10-1, p. 934). Although initially denied, Katos appealed to the North Carolina Department of Health and Human Services ("NCDHHS"). (Id.). On November 19, 2018, NCDHHS found Katos disabled, and therefore, eligible for Medicaid benefits. (Doc. No. 10-1, p. 936).

In reaching his decision, the ALJ used the five-step sequential evaluation process for the evaluation of disability claims under the Social Security Act ("the Act"). At the first step, the ALJ determined Katos had not engaged in substantial gainful activity since the alleged onset date of September 30, 2013. (Doc. No. 10-1, p. 23). At step two, the ALJ found Katos to have the following severe impairments: "human immunodeficiency viruses (HIV), depression and anxiety." (Id.). At step three, the ALJ determined Katos did not have an impairment or combination of impairments that met or equaled one of the listed impairments ("the Listings") in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.). The ALJ then determined Katos had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c):

> [E]xcept he is limited to nonproduction rate work, he is limited to simple, routine repetitive tasks, he can tolerate occasional interaction with others, he is limited to no complex decision-making, no crisis situations and no constant change in routine and he can stay on task 2 hours at a time.

(Doc. No. 10-1, p. 25). The ALJ found Katos's past relevant work to exceed the RFC. (Doc. No. 10-1, p. 29). However, in response to a hypothetical factoring in Katos's age, education, work experience, and RFC, the Vocational Expert ("VE") testified Katos could perform other jobs that exist in significant numbers in the national economy. (Doc. No. 10-1, p. 29). As a result, the ALJ concluded Katos was not disabled, as defined in the Act, from September 30, 2013, through the date of the ALJ's decision. (Doc. No. 10-1, p. 30).

Katos has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Katos argues the ALJ committed prejudicial legal errors.

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). We do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," we defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62

(quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015). If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

5

### III.     ANALYSIS

On appeal, Katos claims the ALJ committed the following errors: (1) failure to give controlling weight to the opinion of Katos's treating psychologist; (2) failure to explain why he afforded less than substantial weight to the NCDHHS decision, (3) failure to identify and properly evaluate Katos's limitations using the "special technique," and (4) failure to support conclusions with substantial evidence.  The Court agrees that, on the record before it, remand is necessary.

In recent years, the Fourth Circuit has made clear that even though "a 'disability decision by another entity does not bind the SSA,' . . . the 'default rule' is that an ALJ must give 'substantial weight' to another agency's decision." Kiser v. Saul, 821 F. App'x 211, 215 (4th Cir. 2020) (quoting Woods v. Berryhill, 888 F.3d 686, 691–92 (4th Cir. 2018)).  Specifically, an ALJ must give "substantial weight" to disability decisions by the NCDHHS "because both NCDHHS and Social Security disability insurance benefits 'serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability' and because NCDHHS's provision of Medicaid is for those who are considered disabled for social security purposes." Id. (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012)).

However, while this Court recognizes there may be times when "it is 'appropriate' [for the ALJ] to accord less than 'substantial weight' to a NCDHHS disability decision, [the] ALJ must give 'persuasive, specific, valid reasons for doing so that are supported by the record.'" Woods, 888 F.3d 686, 692 (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)).  "For example, an ALJ could explain which aspects of the prior agency decision he finds not credible and why, describe why he finds other evidence more credible, and discuss the effect of any new evidence made available after NCDHHS issued its decision." Id.  However, when the ALJ fails to

6

provide such explanation, "a reviewing court 'cannot engage in meaningful review.'" Kiser, 821 F. App'x 211, 215 (quoting Woods, 888 F.3d at 693).

Here, the ALJ did not articulate the quantity of weight afforded to the NCDHHS decision and merely mentioned such decisions are "generally of limited evidentiary value." The ALJ's entire evaluation and explanation follows:

> The undersigned has considered the State of North Carolina's Medicaid eligibility determination (Exhibit 17F). The Medicaid eligibility determination is another governmental agency's adjudicative finding based on its rules and is not a medical opinion that SSA adjudicators must evaluate under 20 CFR 404.1527 and 416.927. The State's Medicaid eligibility determination, however is evidence an adjudicator must consider along with the other evidence in the case record. Because the State's determination reflects another agency's application of its own rules, it is generally of limited evidentiary value without consideration of the supporting evidence on which the determination was based.

(Doc. No. 10-1, p. 28). In this explanation, the ALJ failed to provide "persuasive, specific, valid reasons" for according less than substantial weight to the NCDHHS decision. Woods, 888 F.3d at 693.

Without stating the weight he was affording to the NCDHHS decision, the ALJ summarily concluded the decision is "generally of limited evidentiary value without consideration of the supporting evidence on which the determination was based." (Doc. No. 10-1, p. 28).[2] Without more, this statement precludes meaningful review because the ALJ fails to "explain why [the NCDHHS decision is not supported] with reference to the evidence considered," and thus, is insufficient to justify assigning less than substantial weight to it. Morgan v. Berryhill, 2018 WL 6606077, at *2 (W.D.N.C. Dec. 17, 2018); see also Reese v. Berryhill, 2018 WL 4365534, at *3

---

[2] The ALJ's treatment of the NCDHHS decision is markedly different from his treatment of other evidence in the record. For example, the ALJ indicates that "partial weight is afforded to the opinions of [the] state agency medical consultant" and "significant weight is afforded to the opinions of [the] state agency psychological consultant." (Doc. No. 10-1, p. 27). In contrast, however, the ALJ fails to articulate the quantity of weight afforded to the NCDHHS decision.

7

(W.D.N.C. Sept. 13, 2018) ("The ALJ's decision to accord Plaintiff's prior Medicaid eligibility 'little weight' was supported only by the explanation that 'it is not consistent with the evidence discussed herein' is not sufficiently persuasive or specific to justify a deviation from the Fourth Circuit's default rule of according decisions by other agencies like NCDHHS substantial weight."); Holley v. Berryhill, 2018 WL 4266363, at *3 (E.D.N.C. Sept. 5, 2018) (concluding that the ALJ failed to provide persuasive, specific, and valid reasons for giving less than substantial weight to an NCDHHS disability decision where "the ALJ merely concluded that the NCDHHS disability decision was due minimal weight because it was inconsistent with other medical evidence and plaintiff's work history" (quotation marks omitted)); cf. Digregorio v. Saul, 2020 WL 4437271, at *47 (W.D.N.C. Aug. 3, 2020) (noting the ALJ's discussion of the reasons why she gave less than substantial weight to an NCDHHS disability decision and concluding that such discussion satisfied Woods).

The Commissioner presents various arguments in support of the ALJ's decision. First, the Commissioner argues "a disability determination by another governmental agency is not binding on the Social Security Administration because it is an issue reserved to the Commissioner." (Doc. No. 17, p. 14). Although it is true disability decisions from other entities do not bind the SSA, "the 'default rule' is that an ALJ must give 'substantial weight' to another agency's decision." Kiser, 821 F. App'x at 215.

Second, the Commissioner notes SSR 06-03p "requires only that other agency decisions 'cannot be ignored and must be considered.'" (Doc. No. 17, p. 14). As such, the Commissioner argues the ALJ properly evaluated the NCDHHS decision because the "ALJ did not ignore the Medicaid decision" and "SSR 06-03p does not contain any articulation requirement." (Doc. No. 17, p. 15). Thus, to the Commissioner, the mere acknowledgement of the NCDHHS decision

suffices. The Fourth Circuit in Woods, however, explicitly required "persuasive, specific, valid reasons" for according "less than substantial weight" to an NCDHHS disability decision. 888 F.3d at 692.

Third, the Commissioner argues the "ALJ independently considered the medical evidence underlying the Medicaid decision." (Doc. No. 17, p. 16). The Commissioner points to the following evidence from Daymark Recovery Services ("Daymark"): Katos indicated his hallucinations of his mother were "comforting and not a problem," "the provider indicated that his impairment of attention and concentration appears based on subjective allegations," and Katos's discharge from Daymark on May 20, 2016 suggested "his condition had improved." (Id.). Even if the Commissioner is correct in his assessment of the underlying evidence, the ALJ failed to identify any of these *specific* issues in his decision. Instead, the "Commissioner [now] attempts an explanation for the ALJ . . . [because] the ALJ never addressed the substance of the NCDHHS decision or its findings as [required] to adequately explain his reasoning under Woods. The Commissioner cannot now support the decision on grounds the ALJ did not even acknowledge." Morgan, 2018 WL 6606077 at *2.

Accordingly, the Court agrees with Katos, and the decision must be remanded. Upon remand, the ALJ should provide specific and persuasive reasons supported by the record for according the NCDHHS disability decision less than substantial weight.

The Court explicitly notes in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Katos's application for disability benefits nor does the Court express any opinion as to Katos's other assignments of error. The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, the decision as written cannot stand. See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000)

9

("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)). In declining to address the other assignments of error in dicta here,[3] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990)).

### IV. CONCLUSION

For the foregoing reasons, Katos's Motion for Summary Judgment (Doc. No. 13) is GRANTED; the Commissioner's Motion for Summary Judgment (Doc. No. 16) is DENIED; and the ALJ's determination is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: July 28, 2021

Frank D. Whitney
United States District Judge

---

[3] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency...."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")). Nevertheless, here, the Court declines to consider Katos's other assignments of error, as they can be revisited on remand.